# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK FRANKLIN, #M-06682, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| DR. SHAH, DAVID RAINS, and IDOC, | ) ) ) ) |
| Defendants. | ) ) |

Case No. 17−cv−960−MJR

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Patrick Franklin, an inmate in Robinson Correctional Center ("Robinson"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. In his Complaint, Plaintiff claims the defendants have been deliberately indifferent to his serious medical issues in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: when Plaintiff arrived at Robinson in August 2016, he requested a bottom bunk because of weight problems. (Doc. 1, p. 5). Plaintiff's counselor, Ms. Carrell, gave him a bottom bunk immediately. *Id.* In April 2017, Plaintiff was moved to a top bunk because the bottom bunk was needed for an inmate in a wheelchair. *Id.* Plaintiff has since requested to be moved to another bottom bunk by writing request slips to health care. *Id.* The request slips stated that Plaintiff is "overweight, 350 plus pounds, and [has] issues with climbing and hurting [himself]." *Id.* Dr. Shah responded to the request slips stating that Plaintiff should exercise and lose weight. *Id.*

On April 12, 2017, Plaintiff hurt himself by falling down the ladder in the middle of the night while he was trying to get down to go to the bathroom. *Id.* He went to healthcare for his injury and saw Shah. *Id.* Plaintiff told Shah that he was in pain and that his elbow and arm were making a loud popping sound. *Id.* Shah responded by telling Plaintiff to buy pain medication at

the inmate commissary. *Id.* As of September 1, 2017, Plaintiff was "still seeking medical attention Dr/Physc Dr." *Id.* Plaintiff "feel[s] Dr. Shah should have responded to [his] needs in a respectful manner and signed off on a bottom bunk to prevent [Plaintiff] from getting hurt." *Id.* Plaintiff also "feel[s] that Warden Rains and IDOC should have a policy in place that prevents these problems of overweight people that have problems of climbing on the top bunk." *Id.* Plaintiff has been receiving help from other inmates to get into the top bunk at night. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious medical need for a low bunk permit and pain associated with an injury he sustained climbing down from his top bunk, in violation of the Eighth Amendment.

As discussed in more detail below, Count 1 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted

with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The pain Plaintiff alleges he is experiencing as a result of his injury, and his continued risk of falling from the top bunk and injuring himself further, are sufficient to satisfy the objective component of Count 1 at this early stage. However, the analysis of these claims does not end there.

The Complaint must also satisfy the subjective component. To do so, the Complaint must suggest that the defendants exhibited deliberate indifference to Plaintiff's serious medical need. Deliberate indifference is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834). This standard is satisfied with respect to Count 1 against Defendant Shah. According to the Complaint, Shah failed to respond to Plaintiff's request for pain medication after he was injured and, initially, failed to arrange for Plaintiff to be assigned to a lower bunk, despite being informed of the danger Plaintiff faced being assigned to the top bunk.

Plaintiff's allegations against Rains and IDOC are insufficient to satisfy the subjective component of Plaintiff's deliberate indifference claim, however. Plaintiff generally states that

4

these defendants should have a policy in place to protect overweight defendants from being assigned to the top bunk. This allegation fails to establish that these defendants were actually aware of a substantial risk of serious harm to Plaintiff, much less that they disregarded such a risk. Further, with respect to IDOC, no matter what relief Plaintiff seeks against it, his claims are barred because IDOC, as a state agency, is not a "person" that may be sued under § 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989)); *see also* 42 U.S .C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .").

For these reasons, Count 1 will proceed against Shah and will be dismissed without prejudice as against Rains and with prejudice as against IDOC.

## **Pending Motions**

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 4) which is **REFERRED** to United States Magistrate Judge Stephen C. Williams for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is **DENIED** as moot. Waivers of service of summons will be issued and served on the remaining defendant as ordered below. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server. The Clerk will issue summons and the Court will direct service for any complaint that passes preliminary review.

5

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **SHAH** and shall be **DISMISSED** without prejudice as against **RAINS** and with prejudice as against **IDOC**.

**IT IS FURTHER ORDERED** that **RAINS** is **DISMISSED** without prejudice from this action, and **IDOC** is **DISMISSED** with prejudice from this action.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Shah is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate

Judge Stephen C. Williams for further pre-trial proceedings. Further, this matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**
    **DATED: October 27, 2017**

    **s/ Michael J. Reagan**
    **U.S. Chief District Judge**