UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK FRANKLIN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:17-cv-960-GCS ) |
| VIPIN SHAH, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Patrick Franklin filed suit in September 2017 alleging that Defendant Vipin Shah was deliberately indifferent to his serious medical needs. On February 28, 2020, the Court ruled on Defendant Shah's motion for summary judgment, and a single claim related to the denial of a low-bunk permit remains pending. At all times relevant to his complaint, Franklin was incarcerated at Robinson Correctional Center, and Defendant Shah, a doctor, was the medical director. Franklin submitted several requests for a low-bunk permit, but Dr. Shah denies involvement in the responses to the requests. He also denies having any actual or constructive knowledge of Franklin's requests.

In denying in part Dr. Shah's motion for summary judgment, the Court found that there was a genuine dispute of material fact as to Dr. Shah's involvement and knowledge and denied summary judgment. By motion dated March 3, 2020, Dr. Shah asks the Court to reconsider its ruling and enter judgment in his favor on all claims. (Doc. 55). Franklin

responded in opposition on May 12, 2020. (Doc. 60). The matter is fully briefed and ripe for ruling.

Dr. Shah seeks reconsideration pursuant to Federal Rules of Civil Procedure 54(b) and 59(e). The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Rule 54(b) allows district courts to revisit "any order or other decision . . . that adjudicates fewer than all the claims" in an action and to revise it at any point before the entry of judgment as justice requires. FED. R. CIV. PROC. 54(b). *See also Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983)(noting that any "order short of a final decree is subject to reopening at the discretion of the district judge."). The denial of summary judgment clearly falls within the reach of Rule 54(b).

Motions to reconsider interlocutory orders under this rule "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)(internal quotations and citations omitted). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)(internal quotations and citation omitted). Because the standards for reconsideration are exacting, the Seventh Circuit has stressed that appropriate issues for reconsideration "rarely arise." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)(internal quotations and citation omitted).

Rule 59(e) permits the Court to alter or amend judgments upon motion filed no later than 28 days after the date of entry. The purpose of Rule 59(e) is to provide the

district court with a means for correcting errors that may have "crept into the proceeding" while the district court still holds jurisdiction over the case. *Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). A Rule 59(e) motion "is only proper when the movant presents newly discovered evidence . . . or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252-253 (7th Cir. 2015) (internal quotations and citation omitted). The motion is not an invitation to rehash previously considered and rejected arguments. *See Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

Here, Dr. Shah raises a single point for reconsideration. He argues that there is no genuine issue of material fact that Dr. Shah had any actual or constructive knowledge of Franklin's requests for a low-bunk permit. The Court, having carefully and thoroughly considered and reviewed Dr. Shah's argument and the record, disagrees.

As to his denial of a low-bunk permit claim, Franklin submitted at least two offender request forms to the healthcare unit asking for a low-bunk permit due to his weight. In a request addressed to Dr. Shah dated April 4, 2017, Franklin wrote: "I am overweight[,] and I would like to be moved to a bottom bunk. I have problems going up and down. Please and thank you." (Doc. 1, p. 10). An unsigned staff response advised him instead to attend the gym and reduce food intake. (Doc. 1, p. 10).

In a second request addressed to Dr. Shah and dated April 6, 2017, Franklin wrote: "I'm overweight and I would like to be moved to a bottom bunk. I have fell trying to go up and down the bunk. I'm 5'6"/360 pounds. Please and thank you." (Doc. 41-1, p. 2). The April 7, 2017 response stated, "Sign up for sick call to discuss low bunk and to be

weighed." (Doc. 41-1, p. 2). The signature on the second response is difficult to read. Franklin testified that he believed it was Dr. Shah's signature and that he believed Dr. Shah was involved in formulating the responses. (Doc. 41-2, p. 8). Dr. Shah, in an affidavit, stated that he has no recollection of being consulted about the requests and that he did not sign the second request form. (Doc. 41-3, p. 2).

In addition to the written requests, Franklin testified that he also spoke with Dr. Shah in passing about his desire to have a low-bunk permit. (Doc. 41-2, p. 7). Dr. Shah does not recall hearing any verbal requests from Franklin prior to April 13, 2017. (Doc. 41-3, p. 3). Dr. Shah maintains that his practice is to direct patients to submit formal sick call requests when they make oral requests, but his recollection is lacking as to his interactions, or lack thereof, with Franklin specifically. (Doc. 41-3, p. 3). Allegedly due to the lack of a low bunk permit, Franklin fell in the middle of the night on April 12, 2017, and injured his elbow and arm. (Doc. 41-2, p. 8).

Franklin submitted a grievance about the denial of a low-bunk permit on April 14, 2017. (Doc. 1, p. 12). In the grievance, Franklin complained that he requested a low bunk permit verbally and in writing because he kept injuring himself getting up and down the ladder to his bed. (Doc. 1, p. 12). He explained that he fell and injured his elbow and arm because of the refusal of a permit. (Doc. 1, p. 13). A counselor responded to the grievance on April 17, 2017: "Per HCUA P Martin: After reviewing this offender's medical record/speaking to Dr. Shah, Offender is 26 years old w/out any medical issues. Offender does not meet the medical needs for a low bunk permit." (Doc. 1, p. 12). The grievance response is somewhat confusing, as medical records and Dr. Shah's affidavit

state that Dr. Shah prescribed a low-bunk permit on April 13, 2017, after Franklin's fall. (Doc. 41-3). It is also unclear why Franklin would grieve the denial of a low bunk permit on April 14, 2017, if he was prescribed a permit a day earlier.

At summary judgment, a genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). *Accord Bunn v. Khoury Enterpr., Inc.*, 753 F.3d 676, 681-682 (7th Cir. 2014). In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *See Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). With this in mind, the Court finds that there are genuine disputes as to Dr. Shah's actual or constructive knowledge of Franklin's permit requests.

Franklin maintains that, in addition to submitting the request forms, he spoke with Dr. Shah personally. Dr. Shah does not recall the conversation or conversations, but lacking recollection is different than affirmatively denying that they took place. Dr. Shah similarly lacks recollection of all of the events surrounding Franklin specifically. While understandable given the number of patients and the time that has passed since Franklin's claims occurred, the record suggests that Dr. Shah had the ability to prescribe a low bunk permit and that he may have been asked to do so by Franklin.

There is insufficient evidence to conclude to the level of certainty required at summary judgment that, as a matter of law, there are no genuine disputes as to the role Dr. Shah played, if any, in the denial of Franklin's request. While he cannot be held liable for actions of those he supervises, disputes remain as to Dr. Shah's actual or constructive

knowledge. These questions should be resolved by a trier of fact. As such, the Court finds that there has not been a manifest error of law or fact that merits reconsideration of its previous ruling. For all these reasons, Dr. Shah's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated:  May 19, 2020.

Digitally signed by Judge Sison
Date: 2020.05.19 12:27:20 -05'00'

_____

GILBERT C. SISON
United States Magistrate Judge